IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BRIAN M. BENNETT, <br> TDCJ No. 02261207, <br><br> Plaintiff, <br><br> v. <br><br> UNKNOWN DEFENDANTS, <br><br> Defendants. | § § § § § § § § § § § | <br><br><br><br><br><br> Civil Action No. 7:20-cv-00143-M-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed a civil rights Complaint on November 5, 2020. ECF No. 1. The Complaint was incomplete, and Plaintiff neither paid the $350.00 filing fee nor applied to proceed *in forma pauperis*. On November 6, 2020, the Court ordered Plaintiff to file an amended complaint using the Court's civil rights form as required under Miscellaneous Order No. 14. ECF No. 4. Additionally, the Court ordered him to either pay the $350.00 filing fee or file a motion for leave to proceed *in forma pauperis* on the Court's form. *Id.* The Court set a deadline of December 7, 2020, for Plaintiff to cure these deficiencies, and it also set a deadline of ten days from the date of the order for Plaintiff to withdraw his Complaint without incurring a filing fee. *Id.* The Court also warned Plaintiff that "failure to comply with this order may result in dismissal of the case without further notice." *Id.* at 2.

Plaintiff did not comply with the Court's order. He did not file an amended complaint nor either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. Instead, Plaintiff filed a Motion to Appoint Counsel and Motion to Change Jurisdiction on December 28, 2020. *See* ECF No. 5.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court should consider the amount of money available to an inmate in his prison trust account or from other sources. *See Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007). Plaintiff has not sought leave to proceed *in forma pauperis* and has provided no evidence upon which the Court could permit him to proceed without paying the filing fee.

The Court ordered Plaintiff to take specific action to proceed in this case, including filing an amended complaint and either paying the filing fee or filing a motion to proceed *in forma pauperis*, and warned him that failure to do so might result in the dismissal of this case without further notice. Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order…." Fed. R. Civ. P. 41(b). Plaintiff did not comply with the Court's order of November 6, 2020. Under these circumstances, Plaintiff's Complaint (ECF No. 1) should be dismissed.

Accordingly, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** Plaintiff's Complaint **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** December 29, 2020.

                                                Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE